UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  13-80846-CIV-MARRA

FREDY JONATHAN SALGADO, individually,
a/ka/ F J PARKING SERVICES, INC.

    Plaintiff,

vs.

FLORIDA VALET PARKING SERVICE,
INC., a Florida corporation a/k/a
FLORIDAVALETPARKINGSERVICE.COM a/k/a
FLORIDA VALET PARKING INC;
STATEWIDE VALET PARKING SERVICES, INC. a
Florida corporation, d/b/a FLORIDA VALET PARKING SERVICES,
a/ka FLORIDA VALET PARKING INC. and;
DIAMOND VALET PARKING, INC. a Florida corporation,
d/b/a FLORIDA VALET PARKING a/k/a FLORIDA VALET
PARKING INC.; JOHN P. KAVEKOS, individually;
JOHN BELLINATO, JR., individually; and
JAVIER ENRIQUE REYNOSO, individually.

    Defendants.
_____/

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, FREDY JONATHAN SALGADO a/k/a F J PARKING SERVICES, INC. by and through his undersigned attorney, and hereby files this Second Amended Complaint against Defendants, FLORIDA VALET PARKING SERVICE, INC., a Florida corporation, a/k/a FLORIDAVALETPARKINGSERVICES.COM, a/k/a FLORIDA VALET PARKING INC. (**"Florida Valet"**); STATEWIDE VALET PARKING SERVICES, INC., a Florida corporation, d/b/a FLORIDA VALET PARKING SERVICE, a/k/a FLORIDA VALET PARKING INC. (**"Statewide Valet"**); DIAMOND VALET PARKING, INC., a Florida

corporation, d/b/a FLORIDA VALET PARKING, a/k/a FLORIDA VALET PARKING INC. (**"Diamond Valet"**); John P. Kavekos, (**"KAVEKOS"**) individually; John Bellinato, Jr. (**"BELLINATO"**), individually; and Javier Enrique Reynoso (**"REYNOSO"**), individually, and as grounds therefore alleges as follows:

## JURISDICTION & PARTIES

1. This is an action for damages as a result of wages owed and is brought pursuant to the Fair Labor Standards Act 29 U.S.C. §207 and §216(b).

2. This court has federal jurisdiction over this matter insofar as the matter involves a federal question, namely a violation of 29 U.S.C. §207. Jurisdiction is conferred by Title 28, U.S.C. §1337 and 29 U.S.C. §216(b).

3. Defendants, and each of them, are engaged in the business of providing a wide range of valet parking and associated services to the general public.

4. At all times pertinent to this Second Amended Complaint, Defendant Florida Valet was an enterprise engaged in interstate commerce. At all times pertinent to this Amended Complaint, Defendant Florida Valet regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §203(r) and 203(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. At all times pertinent to this Second Amended Complaint, Defendant Statewide Valet regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §203(r) and 203(s) of the FLSA, 29 U.S.C. §203(r) and 203(s). At all times pertinent to this Amended Complaint, Defendant Statewide Valet was an enterprise engaged in interstate commerce.

6. At all times pertinent to this Second Amended Complaint, Defendant Diamond Valet regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §203(r) and 203(s) of the FLSA, 29 U.S.C. §203(r) and 203(s). At all times pertinent to this Second Amended Complaint, Defendant Diamond Valet was an enterprise engaged in interstate commerce.

7. The Defendants, Florida Valet, Statewide Valet and Diamond Valet were a unified, integrated enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s). The three defendants held themselves out to the public as a unified enterprise for the provision of premier valet parking services in South Florida for prestigious residential country club communities and some businesses. The enterprise proudly identified many of their customers, including the Ballen Isles Country Club where Plaintiff worked, on the enterprise website, www.floridavaletparkingservice.com, as well as on its associated Facebook pages.

8. Defendants' business consists of the provision of a wide range of valet parking services including: hiring of personnel; work scheduling and manpower issues; payroll taxes and overtime wage payments; liability for valet actions; accident and damage claims; and theft claims. Plaintiff's work involved handling on a regular and recurrent basis "goods" and "materials" that were used commercially in Defendants' business.

9. Upon information and belief, Florida Valet has an annual gross volume of sales made or business done of not less than $500,000.

10. Upon information and belief, Statewide Valet has an annual gross volume of sales made or business done of not less than $500,000.

11. Upon information and belief, Diamond Valet has an annual gross volume of sales made or business done of not less than $500,000.

12. Upon information and belief, Florida Valet, Diamond Valet and Statewide Valet, when combined as an enterprise, have an annual gross volume of sales made or business done of not less than $500,000.

13. Defendant KAVEKOS, is a resident of Palm Beach County, Florida, and within the jurisdiction of this Court. At all times material hereto, KAVEKOS, owned, managed and/or operated the corporate Defendants. KAVEKOS signed the agreement each year with Ballen Isles Country Club[1] in his capacity as "Director of Operations" of Defendants and underwrote the $2,000,000 liability policy required to be in place by virtue of the aforesaid agreement. Moreover, at all times material thereto, KAVEKOS set the hourly rate of valet workers' compensation by Ballen Isles Country Club to Defendants and thereby the pay rates of employees of Defendants and controlled the finances and operations of the Defendants and was compensated by the Defendants. As a result of such control and authority, KAVEKOS is an "employer" under the FLSA.

14. Defendant BELLINATO, is a resident of Palm Beach County, Florida, and within the jurisdiction of this Court. At all times material hereto, BELLINATO owned, managed and/or operated the corporate Defendants and was compensated by them. Moreover, at all times material thereto, BELLINATO regularly

---

[1] Ballen Isles Country Club is the job location where Plaintiff worked.

exercised the authority to hire and fire employees; determine the work schedules of employees; set the pay rates of employees; was a signatory on the bank accounts used to pay Plaintiff and other valet workers at Ballen Isles Country Club; and controlled the finances and operations of the corporate Defendants. By virtue of such control and authority, BELLINATO is an "employer" under the FLSA.

15. Defendant REYNOSO is a resident of Palm Beach County, Florida, and within the jurisdiction of this Court. At all times material hereto, REYNOSO owned, managed and/or operated the corporate Defendants and was compensated by them. Moreover, at all times material thereto, REYNOSO regularly exercised the authority to hire and fire employees and hired Plaintiff on or about 2007; determined the work schedules of valet workers; set the pay rates of employees; and controlled the finances and operations of the corporate Defendants. By virtue of such control and authority, REYNOSO is an "employer" under the FLSA.

## VENUE

16. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

    a.   The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida.

    b.   At all times material hereto, Defendants were and continue to be a Florida enterprise and individuals doing business within this jurisdiction.

    c.   Defendants employed Plaintiff in the Southern District of Florida.

## COMMON ALLEGATIONS

17. Plaintiff was employed with the Defendants' enterprise in the preceding three year period.

18. Plaintiff held the position of valet parking attendant

19. At no time during his employment did he have the authority to hire or fire employees, recommend discipline or supervise other co-workers and employees.

20. Plaintiff has worked under the direct supervision of Arturo Aliaga.

21. Plaintiff does not have an advanced degree that would subject him to the exemptions from overtime payment.

22. Plaintiff regularly worked over 40 hours in a given work week.

23. The Plaintiff was paid an hourly rate.

24. Defendants did not compensate Plaintiff time and one half his hourly rate for overtime.

25. Defendants annual gross sales volume exceeds the statutory requirement of $500,000.00 per annum.

26. Defendants, at all times material hereto, were an enterprises engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

27. Plaintiff is a non-exempt employee and otherwise entitled to overtime payments.

### COUNT 1
### UNPAID OVERTIME
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
### FLORIDA VALET PARKING SERVICE, INC.

Plaintiff re-alleges Paragraphs 1 through 27 as set forth herein.

28. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of 40 hours per week.

6

29. Plaintiff worked in excess of 40 hours per week for almost all of the work weeks he was employed with the Defendant.

30. Plaintiffs worked in excess of 40 hours per week without being compensated for any overtime benefits by the Defendant.

31. Defendant failed to compensate Plaintiff up to one half times his hourly rate for all worked performed in excess of 40 hours.

32. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

33. Defendant's failure to pay Plaintiff's overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding 3 year period.

34. As a direct and proximate result of the Defendant's action, the Plaintiff has obtained counsel to represent them in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216. 22.

35. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

36. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, attorney's fees and other penalties.

 **WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against the Defendant FLORIDA VALET PARKING SERVICE, INC. as follows: that

Plaintiff be awarded damages and liquidated damages; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

<u>**COUNT 1I**</u>
<u>**UNPAID OVERTIME**</u>
<u>**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**</u>
<u>**STATEWIDE VALET PARKING SERVICES, INC. d/b/a FLORIDA VALET PARKING SERVICE**</u>

Plaintiff re-alleges Paragraphs 1 through 27 as set forth herein.

37. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of 40 hours per week.

38. Plaintiff worked in excess of 40 hours per week for almost all of the work weeks he was employed with the Defendant.

39. Plaintiffs worked in excess of 40 hours per week without being compensated for any overtime benefits by the Defendant.

40. Defendant failed to compensate Plaintiff up to one half times his hourly rate for all worked performed in excess of 40 hours.

41. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

42. Defendant's failure to pay Plaintiff's overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding 3 year period.

43. As a direct and proximate result of the Defendant's action, the Plaintiff has obtained counsel to represent them in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result,

Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216. 22.

44. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

45. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, attorney's fees and other penalties.

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against the Defendant STATEWIDE VALET PARKING SERVICES, INC. d/b/a FLORIDA VALET PARKING SERVICE. as follows: that Plaintiff be awarded damages and liquidated damages; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

<u>**COUNT 1II**</u>
<u>**UNPAID OVERTIME**</u>
<u>**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**</u>
<u>**DIAMOND VALET PARKING, INC. d/b/a FLORIDA VALET PARKING  a/k/a**</u>
<u>**FLORIDA VALET PARKING INC.**</u>

Plaintiff re-alleges Paragraphs 1 through 27 as set forth herein.

46. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of 40 hours per week.

47. Plaintiff worked in excess of 40 hours per week for almost all of the work weeks he was employed with the Defendant.

48. Plaintiffs worked in excess of 40 hours per week without being compensated for any overtime benefits by the Defendant.

9

49. Defendant failed to compensate Plaintiff up to one half times his hourly rate for all worked performed in excess of 40 hours.

50. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

51. Defendant's failure to pay Plaintiff's overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding 3 year period.

52. As a direct and proximate result of the Defendant's action, the Plaintiff has obtained counsel to represent them in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216. 22.

53. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

54. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, attorney's fees and other penalties.

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against the Defendant DIAMOND VALET PARKING, INC. d/b/a FLORIDA VALET PARKING a/k/a FLORIDA VALET PARKING INC. as follows: that Plaintiff be awarded damages and liquidated damages; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

**COUNT IV**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**
**JOHN P. KAVEKOS**

Plaintiff re-alleges Paragraphs 1 through 27 as set forth herein.

55. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of 40 hours per week.

56. Plaintiff worked in excess of 40 hours per week for almost all of the work weeks he was employed with the Defendant.

57. Plaintiffs worked in excess of 40 hours per week without being compensated for any overtime benefits by the Defendant.

58. Defendant failed to compensate Plaintiff up to one half times his hourly rate for all worked performed in excess of 40 hours.

59. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

60. Defendant's failure to pay Plaintiff's overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding 3 year period.

61. As a direct and proximate result of the Defendant's action, the Plaintiff has obtained counsel to represent them in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216. 22.

62. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

63. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, attorney's fees and other penalties.

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against the Defendant JOHN P. KAVEKOS as follows: that Plaintiff be awarded damages and liquidated damages; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

### COUNT V
### UNPAID OVERTIME
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
### JOHN BELLINATO, JR.

Plaintiff re-alleges Paragraphs 1 through 27 as set forth herein.

64. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of 40 hours per week.

65. Plaintiff worked in excess of 40 hours per week for almost all of the work weeks he was employed with the Defendant.

66. Plaintiffs worked in excess of 40 hours per week without being compensated for any overtime benefits by the Defendant.

67. Defendant failed to compensate Plaintiff up to one half times his hourly rate for all worked performed in excess of 40 hours.

68. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

69. Defendant's failure to pay Plaintiff's overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding 3 year period.

70. As a direct and proximate result of the Defendant's action, the Plaintiff has obtained counsel to represent them in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216. 22.

71. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

72. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, attorney's fees and other penalties.

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against the Defendant JOHN BELLINATO, JR. as follows: that Plaintiff be awarded damages and liquidated damages; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

<u>**COUNT VI**
**UNPAID OVERTIME**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207**
**JAVIER ENRIQUE REYNOSO**</u>

Plaintiff re-alleges Paragraphs 1 through 27 as set forth herein.

73. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of 40 hours per week.

74. Plaintiff worked in excess of 40 hours per week for almost all of the work weeks he was employed with the Defendant.

75. Plaintiffs worked in excess of 40 hours per week without being compensated for any overtime benefits by the Defendant.

76. Defendant failed to compensate Plaintiff up to one half times his hourly rate for all worked performed in excess of 40 hours.

77. The Defendant's failure to properly compensate the Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

78. Defendant's failure to pay Plaintiff's overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding 3 year period.

79. As a direct and proximate result of the Defendant's action, the Plaintiff has obtained counsel to represent them in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216. 22.

80. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

81. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, attorney's fees and other penalties.

**WHEREFORE**, Plaintiff prays that judgment be entered in his favor and against the Defendant JAVIER ENRIQUE REYNOSO. as follows: that Plaintiff be awarded damages and liquidated damages; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS JURY BY TRIAL ON ALL ISSUES SO TRIABLE**

        /s/ Rose H. Robbins\
        Rose H. Robbins, Esq.\
        Florida Bar No.: 694568\
        *Counsel for Plaintiff Fredy Jonathan Salgado*\
        E-Mail: rose@roserobbins.com\
        **LAW OFFICE OF ROSE H. ROBBINS**\
        2255 Glades Road, Suite 324A\
        Boca Raton, FL 33431\
        Telephone: (954) 946-8130\
        Facsimile: (954) 301-2200

### CERTIFICATE OF SERVICE

I do hereby certify that on October 20, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        /s./ *Rose H. Robbins*\
        Rose H. Robbins

### SERVICE LIST
**FREDY JONATHAN SALGADO v. FLORIDA VALET PARKING SERVICE, INC. et al.**\
**CASE NO.: 13-80846-CIV-MARRA**\
**United States District Court Southern District of Florida**

GARY W. KOVACS, Esq.\
Florida Bar No.: 973483\
FRANK, WEINBERG & BLACK, P.L.\
*Attorneys for Defendants, Florida Valet Parking Service, Inc.; Statewide Valet Parking Services, Inc., and Diamond Valet Parking, Inc.*\
1875 N.W. Corporate Blvd., Suite 100\
Boca Raton, FL 33431\
Phone: (561) 989-0700\
Fax:    (866) 306-3258