UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80846-CIV-MARRA/MATTHEWMAN

FREDY JONATHAN SALGADO, individually,

Plaintiff,

vs.

FLORIDA VALET PARKING SERVICE, INC.
et al,

Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This cause is before the Court upon Plaintiff's Motion for Partial Summary Judgment Re: Defendants' Second Affirmative Defense (DE 47). The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

The facts, as culled from affidavits, exhibits, depositions, answers, answers to interrogatories and reasonably inferred therefrom in a light most favorable to the non-moving party, for the purpose of this motion, are as follows:

Plaintiff Fredy Jonathan Salgado ("Plaintiff") worked for Defendants as a valet from about October of 2006 until September of 2013 at the Ballen Isles Country Club. (Affidavit of Plaintiff ¶¶ 3, 16; DE 47-1.) During the last three years of Plaintiff's employment with Defendants, Plaintiff worked in excess of 40 hours during most weeks of 2010, 2011, 2012 and 2013. (Affidavit of Plaintiff at ¶ 4.) All valet attendants at the Ballen Isles Country Club worked as independent contractors for Defendants. (Affidavit of Plaintiff at ¶ 8; Defendant Florida Valet

Parking Service, Inc. Response to Interrogatories, #8.) Plaintiff signed two Independent Contractor Agreements in October 2009 and July 2013 and Plaintiff filed tax returns as an independent contractor. (Affidavit of Plaintiff at ¶¶ 6-7.) The underlying agreement to supply valet workers to the Ballen Isles Country Club was between the Ballen Isles Country Club and Defendants. (Agreement, DE 47-3.)

Plaintiff's work schedule was made in large part by Defendant and manager Javier Reynoso and Plaintiff was paid at an hourly rate. (Affidavit of Plaintiff at ¶ 12, Defendant Florida Valet Parking Service, Inc. Response to Interrogatories, #8.) Plaintiff paid for his own uniforms which were selected by the Ballen Isles Country Club. (Affidavit of Plaintiff at ¶ 15.) Plaintiff did not engage in any specialized work which would have required extra training, attained only a 6th grade education and is not fully proficient in English. (Affidavit of Plaintiff at ¶ 14.) Plaintiff's job duties up until about January 2012 were strictly limited to the parking of cars. (Affidavit of Plaintiff at ¶ 17.) After or about January 2012 Plaintiff acquired some additional duties which included greeting customers, giving them a ticket, taking their keys and moving their cars off the ramp, and discussing complaints with customers which were then forwarded to management for resolution. (Affidavit of Plaintiff at ¶ 17.)

At some point, Plaintiff formed his own company "FJ Valet Parking" and was President of that company, after being told to form the company by Reynoso. (Pl. Dep. at 15-17, DE 69-1.) Valet companies where Plaintiff worked would issue checks to FJ Valet Parking and Plaintiff would pay himself from those checks. (Pl. Dep. 20, 55-57.) Deducted from those checks were the cost of Plaintiff's uniform, an amount for use of a car and miscellaneous expenses. (Pl. Dep. 21-22.) Plaintiff also valeted cars at other clubs in addition to the Ballen Isles Country Club. (Pl.

2

Dep. 37-38.) Plaintiff filed a tax return for FJ Parking Services. (Pl. Dep. 17, 19-20, 23, 28.) Eventually, when Plaintiff was unable to produce documents showing that he had the right to work in the United States, the Ballen Isles Country Club terminated his employment. (Pl. Dep. 37.)

Plaintiff moves for partial summary judgment on Defendants' second affirmative defense that Plaintiff was not an employee of Defendants but was an independent contractor. According to Plaintiff, the multi-factor test employed by the Eleventh Circuit to determine whether an individual is an employee or independent contractor demonstrates that Plaintiff, as a matter of law, was an employee and not an independent contractor of Defendants. In response, Defendants state that there is a factual question regarding whether they were Plaintiff's employer or FJ Parking was his employer.

II.  Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this

burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

III. Discussion

The question before the Court is whether Plaintiff was an employee of Defendants and therefore protected under the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. § 201 et seq., or an exempted independent contractor. A determination of employment status under the FLSA is a question of law reviewed de novo. Antenor v. D & S Farms, 88 F.3d 925, 929 (11th Cir.1996). Subsidiary findings are issues of facts. Patel v. Wargo, 803 F.2d 632, 634 n.1 (11th

4

Cir. 1986); Gordilis v. Ocean Drive Limousines, Inc., No. 12–cv–24358–JLK, 2014 WL 2214289, at * 2 (S.D. Fla. May 28, 2014).

The Eleventh Circuit Court of Appeals has provided guidance on how to make a determination of employment status:

> To determine whether an individual falls into the category of covered employee or exempted independent contractor, courts look to the economic reality of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence. This inquiry is not governed by the label put on the relationship by the parties or the contract controlling that relationship, but rather focuses on whether the work done, in its essence, follows the usual path of an employee. Putting on an independent contractor label does not take the worker from the protection of the Act.
>
> Courts have applied various multifactor tests to guide the "economic reality" inquiry. Both parties in the instant appeal rely on the following six factors, which many courts have used as guides in applying the economic reality test:
>
> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
>
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
>
> (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
>
> (4) whether the service rendered requires a special skill;
>
> (5) the degree of permanency and duration of the working relationship;
>
> (6) the extent to which the service rendered is an integral part of the alleged employer's business.
>
> While these factors serve as guides, the overarching focus of the inquiry is economic dependence . . . . Ultimately, in considering economic dependence, the court focuses on whether an individual is in business for himself or is dependent upon finding employment in the business of others.

Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311-12 (11th Cir. 2013) (quotation marks and

citations omitted).

After a careful examination of the record, the Court concludes, as a matter of law, that Plaintiff was a covered employee under the FLSA, and not an independent contractor. Plaintiff worked as a valet for Defendants at Ballen Isles Country Club, pursuant to the valet supply agreement entered into by the Ballen Isles Country Club and Defendants, for approximately seven years. Such a long term period of employment by Defendants demonstrates a high degree of permanency in this working relationship. See Lockett v. Allstate Ins. Co., 364 F. Supp. 2d 1368, 1375 (M.D. Ga. 2005) ("[t]ypcially, the longer an employment relationship the more likely an individual is an employee"). Although Defendants note that Plaintiff valeted cars at other locations, this suggests only that Plaintiff had a second job, not that he operated as an independent contractor. Furthermore, employment as a valet does not require any special skills. See Molina v. South Florida Exp. Bankserv, Inc., 420 F. Supp. 2d 1276, 1286 (M.D. Fla. 2006) ("[r]outine work which requires industry and efficiency is not indicative of independence and nonemployee status"). It simply requires the generic ability to drive a car, which is readily transferable. Nor does the record evidence demonstrate that Plaintiff had managerial functions over other workers. Moreover, the undisputed evidence shows that Defendants operated a valet parking service, thus making Plaintiff, a valet worker, an integral part of Defendants' business. Lastly, there is no dispute that Plaintiff's work schedule was made by Defendant Reynoso and that Plaintiff was paid an hourly rate.

Nonetheless, Defendants make much of the fact that Plaintiff formed his own company and would pay himself, deduct expenses through that company, and file tax returns for that

company.¹  Significantly, Plaintiff testified at his deposition that he was told to create this company by Defendants.²  This fact, as well as the fact that Defendants required Plaintiff to sign independent contractor agreements, demonstrates that these were artificial means for Defendants to avoid treating Plaintiff as an employee.  Putting an independent contractor label on a worker does not take the worker outside the protection of the Act.  See Scantland, 721 F.3d at 1311-12.  Finally, the mere purchasing by Plaintiff of his uniforms is not enough to make him an independent contractor.

As previously indicated, a determination of employment status under the FLSA is a question of law.  Antenor, 88 F.3d at 929.  Based on the undisputed facts established in this record, and in light of the factors that the Eleventh Circuit Court of Appeals has articulated for district courts to use in deciding this question of law, the Court concludes, as a matter of law, that Plaintiff was not an independent contractor.  For the foregoing reasons, the Court finds that partial summary on Defendants' second affirmative defense is granted.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for

---

¹ Since paychecks were paid to the company, the company clearly had a legal obligation to pay taxes.

² Although this record evidence was not relied upon by the parties, it is part of Plaintiff's deposition testimony that was submitted to the Court. (Pl. Dep. 16.)

Partial Summary Judgment Re: Defendants' Second Affirmative Defense (DE 47) is **GRANTED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of February, 2015.

_____
KENNETH A. MARRA
United States District Judge